IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

| | |
|---|---|
| In re: ) | |
| ) | Case No. 10-31033 MER |
| CURT R. TAUFEN ) | |
| JILL E. TAUFEN ) | Chapter 7 |
| ) | |
| Debtors. ) | |
| ) | |
| KATHERINE ROGG, ) | Adversary No. 10-1902 MER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CURT R. TAUFEN ) | |
| JILL E. TAUFEN, ) | |
| ) | Signed/Docketed |
| Defendants. ) | August 14, 2012 |

**ORDER**

THIS MATTER comes before the Court on the Motion for Summary Judgment filed by Plaintiff Katherine Rogg ("Rogg") and the Response thereto filed by the Defendants, Curt and Jill Taufen (the "Taufens").

**JURISDICTION**

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 (a) and (b) and 157(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), as it involves the determination of the dischargeability of a particular debt.

**BACKGROUND FACTS**

According to Rogg's *Complaint to Determine Debt and Dischargeability of Debt and Objection to Debtor's Discharge* (the "Complaint"),[1] the dispute arises out of a construction contract entered into by Rogg and DBI on or about December 8, 2009 (the "Construction Contract"), whereby Rogg agreed to pay to DBI $411,410 for a new home on her existing land in Summit County, Colorado. DBI agreed to purchase a modular

---

[1] The documents filed at Docket #1 and #3 appear to be identical, but the document at Docket No. 3 was filed as an "amended complaint" by Rogg's attorney.

and/or manufactured home, construct the foundation for the manufactured home, install the manufactured home, and build certain additional improvements. The Complaint alleges Rogg paid the Taufens $291,104.00 during the period from December 2009 through April 2010, for the express purpose of purchasing the manufactured home and securing a permit for its installation. However, Rogg states Curt Taufen concealed from her a material fact: he had not used Rogg's money to buy the manufactured home. On or about April 8, 2010, Curt Taufen admitted the Taufens failed to use any of Rogg's funds to pay to the supplier of the manufactured home and had instead used these funds for purposes unrelated to the Construction Contract and not for the benefit of Rogg. He further asserted the Taufens were insolvent and completely out of funds.

According to the Complaint, the Taufens were sole owners, shareholders and managers of Distinguished Builders, Inc. ("DBI") and were responsible for directing the management of monies paid to DBI and the payment of DBI's debts. On April 28, 2010, Rogg filed an action for damages in the District Court of Summit County, Colorado, *Rogg v. DBI, Curt Taufen and Jill Taufen*, Case No. 2010-CV-207 (the "State Court Action"). On October 18, 2010, judgment against DBI in the amount of $1,164,416 plus interest was entered in the State Court Action. The Court did not enter judgment against the Taufens as a result of the automatic stay in this case.

The Complaint asserts the following claims for relief pursuant to 11 U.S.C. § 523(a):[2] 1) defalcation while acting in a fiduciary capacity/fraud (civil theft pursuant to COLO. REV. STAT. §§ 38-22-127, 18-4-401, and 18-4-405); 2) defalcation while acting in a fiduciary capacity/fraud (conversion); 3) defalcation while acting in a fiduciary capacity/fraud (fraudulent inducement); 4) defalcation while acting in a fiduciary capacity/fraud (fraud); 5) defalcation while acting in a fiduciary capacity/fraud (fraudulent concealment or deceit by nondisclosure; 6) defalcation while acting in a fiduciary capacity/fraud (breach of fiduciary duty); 7) defalcation while acting in a fiduciary capacity/fraud (violation of the Colorado Consumer Protection Act); 8) defalcation while acting in a fiduciary capacity/fraud (manufactured home, failure to secure letter of credit, certificate of deposit, or surety bond pursuant to COLO. REV. STAT. §§ 24-32-3323 and 3324); and 9) fraud (piercing the corporate veil). Despite the Complaint's title, it does not contain a claim for denial of discharge pursuant to § 727.

In their Answer, the Taufens deny Jill Taufen was a manager of DBI. They further state the Complaint fails under the Colorado Trust Fund Statute, COLO. REV. STAT. § 38-22-127 (the "TFS") because there are no unpaid subcontractors or material suppliers here who have a lien or right to file a lien, or ever had such right to lien, against the property owned by Rogg. The Answer also alleges the following affirmative defenses: 1) Any damages or economic loss suffered by Rogg were the result of her wrongful termination of the Construction Contract and not by any alleged breach by DBI

---

[2] Unless otherwise noted, all future statutory references in the text are to Title 11 of the United States Code.

of the TFS; 2) The Complaint fails to state a cause of action for which relief may be granted; 3) In order to state a claim for punitive damages or treble damages for civil theft, a plaintiff must allege all of the elements of criminal theft; and 4) DBI and Rogg entered into the Construction Contract which created contractual duties between the parties. Rogg has only alleged she has suffered economic loss. Thus, her remedies are limited to breach of contract and she may not recover on any tort theory.

## THE MOTION FOR SUMMARY JUDGMENT AND THE RESPONSE

With respect to the Motion for Summary Judgment, the parties do not dispute the Taufens were charged by the Summit County, Colorado District Attorney with various crimes. In addition, the parties do not dispute the Taufens entered into plea agreements and sentencing orders, under which each agreed to provide the following restitution amounts for the benefit of Rogg: a) Curt and Jill Taufen, jointly and severally, in the amount of $186,683.31; b) Jill Taufen, additional restitution in the amount of $ 50,000.00; and c) Curt Taufen, additional restitution in the amount of $ 93,000.00.[3] The Taufens admit the base amounts of the restitution orders entered by the Summit County District Court are nondischargeable.[4] Therefore, the issues before the Court on the Motion for Summary Judgment do not involve the dischargeability of the restitution amounts, but rather whether Rogg may claim additional amounts nondischargeable under the TFS or other state law.

Rogg alleges the Taufens admit to receiving $291,104 in payments by Rogg, but gave nothing of value in return. She further argues the Taufens' guilty pleas and their status as construction contractors require this Court to enter judgment against them based upon issue preclusion, or collateral estoppel. Rogg contends a criminal conviction for theft automatically provides the victim with the right to recover treble damages, costs and attorneys' fees. Accordingly, Rogg seeks summary judgment in her favor in the amount of $1,204,094.46 against Curt Taufen, and in the amount of $1,036,743.09 against Jill Taufen, representing the restitution amounts multiplied by three plus the original restitution amount, attorneys' fees, costs and interest accruing at 8% per annum from April 1, 2010 to June 8, 2012.[5] Rogg asserts the same grounds

---

[3] Motion for Summary Judgment, Docket No. 32, ¶¶ 6-10.

[4] Response, p. 8. Moreover, the Taufens point out Exhibits 1 and 2 attached to Rogg's Motion for Summary Judgment show the Taufens have already paid $143,000 in restitution, and have been ordered to pay an additional $183,683.31. Response, p. 4, ¶ 10.

[5] Rogg calculates the amount of judgment she seeks as follows:

Curt Taufen:
Restitution: $186,683.31+ $93,000.00: $279,683.31
Treble Damages: $279,683.31 x 3: $839,049.93
Attorney Fees and Costs: $ 33,959.86
Interest on Restitution:

apply to each of her claims for relief. However, because the remedy sought under the first claim for relief would give Rogg complete recovery, she states she would abandon the additional claims if summary judgment is granted on her first claim for relief.

The Taufens' Response argues they did not obtain or exercise control of Rogg's money without authorization, or by threat or deception, and did not intend to deprive Rogg permanently of the money. Further, they state DBI received the money from Rogg, not the Taufens, and significant value was provided to Rogg by DBI, such as planning, ground preparation, and other preliminary projects in anticipation of the planned home construction.

While they admit the nondischargeability of the restitution orders, the Taufens allege issue preclusion does not create liability for treble damages under the TFS. The Taufens contend they are entitled to present their defenses to the claims made by Rogg under the TFS and § 523.

Lastly, the Taufens contend Rogg's computation of damages is incorrect under COLO. REV. STAT. § 18-1.3-603(6) which states "[a]ny amount paid to a victim under an order of restitution shall be set off against any amount later recovered as compensatory damages by such victim in any federal or state civil proceeding." The Taufens also argue Rogg is seeking quadruple damages, because she adds three times the amount of the restitution debts to the underlying restitution debts.

## DISCUSSION

Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[6] The

---

(8%) from April 1, 2010 to June 8, 2012: $ 51,401.36
Total: $1,204,094.46

Jill Taufen:
Restitution: $186,683.31+ $50,000.00: $239,683.31
Treble Damages: $239,683.31 x 3: $719,049.93
Attorney Fees and Costs: $ 33,959.86
Interest on Restitution:
(8%) from April 1, 2010 to June 8, 2012: $ 44,049.99
Total: $1,036,743.09

Motion, p. 7.

[6] FED. R. CIV. P. 56, (as incorporated by FED. R. BANKR. P. 7056); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986).

burden for establishing entitlement to summary judgment rests on the movant.[7] Summary judgment is not appropriate where a dispute exists as to facts which could affect the outcome of the suit under relevant law.[8] A genuine dispute over a material fact exists when the "evidence supporting the claimed factual dispute [is] shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."[9] When reviewing motions for summary judgment, the Court must view the record in the light most favorable to the non-moving party.[10]

Under Colorado law regarding theft, a court must determine a party's intent to deprive another person of the thing of value and determine whether the party intended permanently to deprive the complaining party of the use and benefit of the item that was allegedly stolen.[11] Intent is necessarily a factual issue that must be decided at trial.[12]

As set forth herein, the Court determines Rogg has not demonstrated that collateral estoppel, or issue preclusion, entitles her to the judgment she seeks for the amount of the restitution orders, plus three times those amounts, plus fees, costs and interest. Specifically, when a federal court considers the collateral estoppel effect of a prior state court judgment, the Full Faith and Credit provision of 28 U.S.C. § 1738

---

[7] *Celotex*, 477 U.S. at 323.

[8] *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987).

[9] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-289 (1968)).

[10] *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 613 (10th Cir. 1988).

[11] *See* COLO. REV. STAT. § 18-4-401, which provides in relevant part,

(1) A person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization, or by threat or deception, and:

    (a) Intends to deprive the other person permanently of the use or benefit of the thing of value; or

    (b) Knowingly uses, conceals, or abandons the thing of value in such manner as to deprive the other person permanently of its use or benefit; or

    (c) Uses, conceals, or abandons the thing of value intending that such use, concealment, or abandonment will deprive the other person permanently of its use and benefit; or

    (d) Demands any consideration to which he is not legally entitled as a condition of restoring the thing of value to the other person.

*See also In re Krupka*, 317 B.R. 432, 437 (Bankr. D. Colo. 2004).

[12] *See Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1309 (10th Cir. 1980) (questions of motive and intent are "particularly inappropriate for summary judgment disposition").

requires the federal court to give the state court judgment the same preclusive effect the state rendering the judgment would give.[13] Under Colorado law, the doctrine of collateral estoppel bars relitigation of an issue if:

> (1) The issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) The party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) There was a final judgment on the merits in the prior proceeding; (4) The party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.[14]

Here, the Taufens note Rogg was not a party to the state criminal proceedings, and they argue since the judgments were based on consent, the matters in those proceedings were not actually litigated.[15] Further, the Taufens assert they had no motivation to mount a vigorous defense of the State Court Action because the potential consequences of not taking the offered plea bargain were so severe.[16] Because the Taufens dispute the factual elements of collateral estoppel, the Court finds summary judgment is inappropriate.

## CONCLUSION

For these reasons, the Court concludes genuine issues of material fact exist requiring a trial and Rogg has not demonstrated entitlement to judgment as a matter of law.

---

[13] *See Bolling v. City & County of Denver*, 790 F.2d 67, 68 (10th Cir. 1986).

[14] *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 84-85 (Colo. 1999) (citing *Michaelson v. Michaelson*, 884 P.2d 695, 700-701 (Colo. 1994)).

[15] *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1376-77 (10th Cir. 1996) (finding consent decrees are contractual and do not have preclusive effect unless "the consent decree or the agreement itself contains far-reaching preclusive language clearly showing that the parties intended that the issue be foreclosed in other litigation.") (internal quotations and citations omitted). *See also Martin v. Hauck (In re Hauck)*, 466 B.R. 151, 167-68 (Bankr. D. Colo. 2012) (citations omitted) (Judge Sidney B. Brooks of this Court noted consent judgments do not normally support a finding of collateral estoppel; to do so, the agreement would have to reflect clear intent for collateral estoppel and there would have to be evidence the parties reasonably could have foreseen the conclusive effect of the consent.).

[16] *Clark v. Zwanziger (In re Zwanziger)*, 467 B.R. 475, 485 (10th Cir. BAP 2012) (quoting *Sil–Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1521 (10th Cir.1990) ("A 'full and fair opportunity to litigate' is examined by questioning 'whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties.'").

      IT IS THEREFORE ORDERED Rogg's Motion for Summary Judgment is hereby DENIED.

Dated August 14, 2012               BY THE COURT:

_____
Michael E. Romero
United States Bankruptcy Judge